ENTER
NO JS6

1  **EDWARD E. COREY (SB#124900)**
   **COREY & COREY**
2  3580 Wilshire Boulevard
   17th Floor
3  Los Angeles, CA 90010
   (213) 385-7003
4  (213) 385-6908 Fax

5  Local Counsel for NINGBO FREE TRADE
   ZONE HARMONY CO., LTD., Plaintiff.
6
   **WELTMAN, WEINBERG & REIS**
7  **STEPHEN A. SANTANGELO (001960)**
   Lakeside Place, Suite 200
8  Cleveland, OH 44113
   (216) 685-1032
9  (216) 363-4086 Fax

10 Counsel for NINGBO FREE TRADE
   ZONE HARMONY CO., LTD., Plaintiff.
11

12                   UNITED STATES DISTRICT COURT

13                  CENTRAL DISTRICT OF CALIFORNIA

14                         WESTERN DIVISION

15

16 NINGBO FREE TRADE ZONE HARMONY     )   No. **CV07-03621 R(RZx)**
   COMPANY, LTD.,                     )
17                                    )   **PLAINTIFF'S** ~~PROPOSED~~
                   Plaintiff,         )   **"STATEMENT OF**
18                                    )   **UNCONTROVERTED FACTS AND**
         vs.                          )   **CONCLUSIONS OF LAW"**
19                                    )   **PURSUANT TO L.R. 56-1 AS TO**
   INTERNATIONAL TRC COMPANY,         )   **PLAINTIFF'S MOTION FOR**
20 LIMITED,                           )   **SUMMARY JUDGMENT**
                                      )
21               Defendant.           )   DATE: June 16, 2008
   _____)   TIME: 10:00 A.M.
22                                    )   CTRM: 8
   AND RELATED COUNTERCLAIM           )   Hon. Manuel L. Real
23 _____)

24

25 **I.    PLAINTIFF'S PROPOSED STATEMENT OF UNCONTROVERTED FACTS**

26      1.   Plaintiff Ningbo Free Trade Zone Harmony Company, Ltd.,

27 (hereinafter "NFTZH") is a manufacturer and exporter of general

28 merchandise including candles, candle holders, photo frames,

flowers, cushions, house wares and home decorations, and is located in the Peoples Republic of China.[1]

2.   International TRC Company Limited (hereinafter "International TRC") was a customer of NFTZH.[2]

3.   International TRC issued certain Purchase Orders to NFTZH, under which International TRC agreed to purchase from NFTZH general merchandise including candles, candle holders, photo frames, flowers, cushions, house wares and home decorations.[3]

4.   Authentic duplicates of Purchase Orders, issued by International TRC, and under which International TRC agreed to purchase from NFTZH certain goods, were attached to the Affidavit of Mr. Chai as Exhibit 1.[4]

5.   Authentic duplicates of Proforma Invoices, signed by International TRC, and under which International TRC agreed to purchase from NFTZH certain goods, were attached to the Affidavit of Mr. Chai as Exhibit 2.[5]

---

[1] See Affidavit of Chai Yibing, General Manager of NFTZH, attached to Plaintiff's Motion for Summary or in the Alternative for Partial Summary Judgment as Exhibit A, page 4 at paragraph 2. Page references are to separately filed exhibits sequentially numbered.

[2] See Exhibit A, page 4 at paragraph 3.

[3] See Exhibit A, page 4 at paragraph 4.

[4] See Exhibit A, page 4 at paragraph 5. See also Defendant International TRC Company Limited's Responses To Ningbo Free Trade Zone Harmony Company, Ltd.,'s Request For Admissions, Set One, attached to Plaintiff's Motion as Exhibit B, page 121 at Response No. 3.

[5] See Exhibit A, page 4 at paragraph 6. See also Exhibit B, at Response to Request No. 2.

**STATEMENT OF UNCONTROVERTED FACTS/CONCLUSIONS OF LAW**

1       6.    From August 27, 2005 to March 10, 2006, NFTZH issued

2   to International TRC certain Invoices for the goods International

3   TRC agreed to buy pursuant to the above-mentioned Purchase

4   Orders.  These Invoices set forth a total of $503,411.80.[6]

5       7.    From September 1, 2005 to March 18, 2006, NFTZH

6   shipped to International TRC certain goods pursuant to the

7   Purchase Orders and Invoices set forth above. [7]

8       8.    An authentic duplicate of the Statement of Shipments

9   made from September 1, 2005 to March 18, 2006 was attached to the

10  Affidavit of Mr. Chai as Exhibit 3. [8]

11      9.    On March 31, 2006, International TRC and NFTZH entered

12  into a Contract, which governs all subsequent shipments. [9]

13      10.    An authentic duplicate of the Contract was attached to

14  the Affidavit of Mr. Chai as Exhibit 4.  An accurate English

15  translation of the Contract was attached to the Affidavit of Mr.

16  Chai as Exhibit 4-a. [10]

17      11.    From April 15, 2006 to July 17, 2006, NFTZH issued to

18  International TRC certain Invoices for the goods International

19  TRC agreed to buy pursuant to the Contract and subsequent

20  Purchase Orders.  These Invoices set forth a total of

21

22

---

23  [6]  See Exhibit A, page 4 at paragraph 7.

24  [7]  See Exhibit A, page 4 at paragraph 8.

25  [8]  See Exhibit A, page 4 at paragraph 9.

26  [9]  See Exhibit A, page 4 at paragraph 10.  See also Exhibit B,
27  page 121 at Response to Request No. 1.

28  [10]  See Exhibit A, page 5 at paragraph 11.

**3**

**STATEMENT OF UNCONTROVERTED FACTS/CONCLUSIONS OF LAW**

1  $163,174.20. [11]

2      12.    Authentic duplicates of Invoices issued by NFTZH, for

3  goods which International TRC agreed to purchase from NFTZH, were

4  attached to the Affidavit of Mr. Chai as Exhibit 5. [12]

5      13.    From April 21, 2006 to July 30, 2006, NFTZH shipped to

6  International TRC certain goods pursuant to the Contract,

7  Purchase Orders and Invoices set forth above. [13]

8      14.    An authentic duplicate of the Statement of Shipments

9  made after March 31, 2006 was attached to the Affidavit of Mr.

10  Chai as Exhibit 6.[14]

11      15.    Authentic duplicates of the Bills of Lading, for goods

12  which NFTZH shipped to International TRC, were attached to the

13  Affidavit of Mr. Chai as Exhibit 7. [15]

14      16.    From December 22, 2005 to July 1, 2006, International

15  TRC made eight partial payments to NFTZH, which totaled

16  $172,573.60, in connection with the Contract, Purchase Orders,

17  Invoices and shipments set forth above. [16]

18      17.    An authentic duplicate of the Statement of Payments

19  Received from December 22, 2005 to July 1, 2006 was attached to

20

21  [11]  See Exhibit A, page 5 at paragraph 12.

22  [12]  See Exhibit A, page 5 at paragraph 13.   See also Exhibit B,
23  age 121 at Response to Request No. 4.

24  [13]  See Exhibit A, page 5 at paragraph 14.

25  [14]  See Exhibit A, page 5 at paragraph 15.

26  [15]  See Exhibit A, page 5 at paragraph 16.   See also Exhibit B,
27  page 121 at Response to Request No. 5.

28  [16]  See Exhibit A, page 5 at paragraph 17.

**4**
**STATEMENT OF UNCONTROVERTED FACTS/CONCLUSIONS OF LAW**

1   the Affidavit of Mr. Chai as Exhibit 8. [17]

2       18.    International TRC has not only admitted the

3   authenticity of the objective trade document on which NFTZH

4   relies, but it has also admitted that it received the goods set

5   forth in the aforementioned Contract, Proforma Invoices, Purchase

6   Orders, Invoices, and Bills of Lading.[18]

7       19.    International TRC has further admitted that it sold to

8   its customers some of the goods described in the aforementioned

9   Contract, Proforma Invoices, Purchase Orders, Invoices, and Bills

10  of Lading.[19]

11      20.    International TRC has further admitted that it

12  accepted the goods set forth in the aforementioned Contract,

13  Proforma Invoices, Purchase Orders, Invoices, and Bills of

14  Lading.[20]

15      21.    As of July 30, 2006, an outstanding balance of

16  $494,012.40 was due and owing by International TRC to NFTZH under

17  the subject Contract, Purchase Orders, Invoices and shipments set

18  forth above. [21]

19      22.    Authentic duplicates of the Statements of Account, for

20  the goods purchased by International TRC from NFTZH both before

21  and after the Contract, were attached to the Affidavit of Mr.

22

23

---

24  [17]  See Exhibit A, page 5 at paragraph 18.

25  [18]  See also Exhibit B, page 121 at Response to Request No. 6.

26  [19]  See also Exhibit B, page 121 at Response to Request No. 10.

27  [20]  See also Exhibit B, page 121 at Response to Request No. 10

28  [21]  See Exhibit A, page 6 at paragraph 19.

Chai as Exhibit 9. [22]

## II.  PLAINTIFF'S PROPOSED CONCLUSIONS OF LAW

A.  STANDARD OF REVIEWS UNDER FED. R. CIV. P. 56(C)

1.  Fed.R.Civ.P. 56(c) sets forth the procedure for granting summary judgment in cases such as this, where there is no genuine issue as to any material fact and where the movant is entitled to judgment as a matter of law.

2.  Rule 56(c) provides:  "(c) Serving the Motion; Proceedings. The motion must be served at least 10 days before the day set for the hearing. An opposing party may serve opposing affidavits before the hearing day. The judgment sought should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."

3.  Summary judgment is appropriate where "there is no genuine issue as to any material fact" and "the movant is entitled to a judgment as a matter of law." *United States v. Finch*, 2008 U.S. Dist. LEXIS 1239, at *4 (C.D. Cal. Jan. 7, 2008), citing Fed. R. Civ. P. 56(c).

4.  The moving party only has an initial burden of identifying relevant portions of the record that demonstrate the absence of a fact or facts necessary for one or more essential elements of each cause of action upon which the moving party seeks judgment. See, e.g., *United States v. Finch*, supra, at *4, citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986).

---

[22]  See Exhibit A, page 6 at paragraph 20.

1  5.    When the moving party has sustained its burden, as

2  NFTZH has here, the nonmoving party must then identify specific

3  facts, drawn from materials on file, that demonstrate that there

4  is a dispute as to material facts on the elements that the moving

5  party has contested.  See, e.g., *United States v. Finch*, supra,

6  at *4, citing Fed. R. Civ. P. 56(c).

7  6.    The nonmoving party must not simply rely on the

8  pleadings and must do more than make "conclusory allegations [in]

9  an affidavit."  See, e.g., *United States v. Finch*, supra, at *4,

10  citing *Lujan v. National Wildlife Fed'n*, 497 U.S. 871, 888, 110

11  S. Ct. 3177, 111 L. Ed. 2d 695 (1990); *Celotex Corp.*, 477 U.S. at

12  324.

13  7.    Summary judgment must be granted for the moving party

14  if the nonmoving party "fails to make a showing sufficient to

15  establish the existence of an element essential to that  party's

16  case, and on which that party will bear the burden of proof at

17  trial." See, e.g., *United States v. Finch*, supra, at *4, citing

18  *Abromson v. American Pacific Corp.,* 114 F.3d 898, 902 (9th Cir.

19  1997).

20  8.    Summary judgment for the moving party is proper, and

21  should be granted, when a rational trier of fact would not be

22  able to find for the nonmoving party on the claims at issue.

23  See, e.g., *United States v. Finch*, supra, at *4, citing

24  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574,

25  587, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986).

26  B.    **STANDARD OF REVIEWS UNDER FED. R. CIV. P. 36**

27  9.    Fed.R.Civ.P. 36(b) provides, in pertinent part:  "A

28  matter admitted under this rule is conclusively established

**7**

**STATEMENT OF UNCONTROVERTED FACTS/CONCLUSIONS OF LAW**

1  unless the court, on motion, permits the admission to be
2  withdrawn or amended."  The purpose of Rule 36 is to narrow the
3  issues for trial to those which are genuinely contested.

4      10.   In this case, International TRC has admitted eight (8)
5  factual propositions, which are conclusively established for
6  purposes of this Motion for Summary Judgment.

7      **C.   BREACH OF CONTRACT**

8      11.   Under California law, the essential elements of a
9  breach of contract action are:   (1) the contract, (2) plaintiff's
10 performance or excuse for nonperformance, (3) defendant's breach,
11 and (4) the resulting damages to plaintiff.  See, e.g., *Inamed*
12 *Corp. v. Kuzmak*, 275 F. Supp. 2d 1100, 2002 U.S. Dist. LEXIS
13 26326 (C.D. Cal. 2002), quoting *Reichert v. General Ins. Co.*, 68
14 Cal.2d 822, 830, 69 Cal. Rptr. 321, 442 P.2d 377 (1968).

15     12.   In this case, the Affidavit of Mr. Chai and the
16 admissions of International TRC establish that a contract existed
17 between NFTZH and International TRC, namely the Purchase Orders
18 and Peforma Invoices issued by International TRC under which
19 International TRC agreed to purchase certain goods from NFTZH.

20     13.   In this case, the Affidavit of Mr. Chai and the
21 admissions of International TRC establish that NFTZH performed
22 its duties to the contracts with International TRC by shipping
23 the ordered goods to International TRC.

24     14.   In this case, the Affidavit of Mr. Chai and the
25 admissions of International TRC establish that International TRC
26 breached the Purchase Orders and Performa Invoices by failing to
27 pay for the goods ordered by and shipped to International TRC.

28     15.   In this case, the Affidavit of Mr. Chai and the

**8**

**STATEMENT OF UNCONTROVERTED FACTS/CONCLUSIONS OF LAW**

1  admissions of International TRC establish that NFTZH was damaged

2  as a result of International TRC's failure to pay, and that the

3  amount of damages is $494,012.40.

4  $494,012.40.

5  **D.  ACTION ON ACCOUNT STATED**

6      16.    In California, the elements of a claim for account

7  stated are: (1) previous transactions between the parties

8  establishing the relationship of debtor and creditor; (2) an

9  agreement between the parties, express or implied, on the amount

10 due from the debtor to the creditor; and (3) a promise by the

11 debtor, express or implied, to pay the amount due.  See, e.g.,

12 *Home Ins. Co. v. Gates McDonald & Co.*, 2004 U.S. Dist. LEXIS

13 30685 (C.D. Cal. Feb. 9, 2004), citing *Zinn v. Fred R. Bright*

14 *Co.*, 271 Cal. App. 2d 597, 600, 76 Cal. Rptr. 663 (1969).

15     17.    In this case, as set forth above, there is no genuine

16 issue of material fact that there were previous transactions

17 between the parties establishing the relationship of debtor and

18 creditor.

19     18.    Second, there is no genuine issue of material fact

20 that there were express agreements between the parties, as

21 evidenced by the Purchase Orders, Proforma Invoices, Invoices and

22 Statements of Account, on the amount due from the debtor to the

23 creditor.

24     19.    Third, there is no genuine issue of material fact that

25 there were express promise by the debtor to pay the amount due,

26 as evidenced by the Purchase Orders, and Proforma Invoices.

27 International TRC's eight partial payments to the open accounted

28 stated, from December 22, 2005 to July 1, 2006, which totaled

**STATEMENT OF UNCONTROVERTED FACTS/CONCLUSIONS OF LAW**

1  $172,573.60, further evidence its implied promise to pay the

2  remainder of the open account with NFTZH. [23]

3      20.    NFTZH has satisfied its burden under Fed. R. Civ. P.

4  56 of establishing that, as of July 30, 2006, an outstanding

5  balance of $494,012.40 was due and owing by International TRC to

6  NFTZH under the Statement of Account.

7      21.    Accordingly, NFTZH is entitled to partial summary

8  judgment as a matter of law on Count Two of the Complaint,

9  establishing an express and implied account stated, with a

10  balance of by failing to pay the remaining balance of $494,012.40

11  owed to NFTZH by International TRC for goods admittedly ordered

12  by and shipped to International TRC.

13  **E.   ACTION ON ACCOUNT STATED**

14      22.    As this case involves the sale of goods, the

15  subject transaction is governed by the UCC, as adopted in

16  California.

17      23.    International TRC has admitted that it accepted

18  the goods set forth in the subject Contract, Proforma Invoices,

19  Purchase Orders, Invoices, and Bills of Lading. [24]

20      24.    Cal. U. Com. Code § 2607 (2007) governs the effect

21  of the acceptance of goods, whether conforming or nonconforming,

22  and provides: "§ 2607.  Effect of acceptance; Notice of breach;

23  Burden of establishing breach after acceptance; Notice of claim

24  or litigation to person answerable over:   (1) The buyer must pay

25  at the contract rate for any goods accepted.   * * *."

26  _____

27  [23]  See Exhibit A, page 5 at paragraphs 17 and 18.

28  [24]  See also Exhibit B, page 121 at Response to Request No. 10

25.   Cal. U. Com. Code § 2607(4) provides that:   "(4) The burden is on the buyer to establish any breach with respect to the goods accepted."

26.   Cal U Com Code § 2608 (2), governs the revocation of acceptance of goods, and provides in part:   "Revocation of acceptance must occur within a reasonable time after the buyer discovers or should have discovered the ground for it and before any substantial change in condition of the goods which is not caused by their own defects. It is not effective until the buyer notifies the seller of it."

27.   In this case, International TRC has admitted that it accepted the goods that are the subject of the Contract, Proforma Invoices, Purchase Orders, Invoices, and Bills of Lading at issue in this case.

28.   As International TRC has conclusively admitted that it accepted the subject goods, the burden is on International TRC to establish any breach by NFTZH, timely notice to NFTZH of any such breach, and timely revocation of the acceptance.   International TRC has failed to present any Fed. R. Civ. P. 56(e)-compliant evidence to satisfy its burden.

29.   Accordingly, there is no genuine issue of material fact that NFTZH is entitled final summary judgment entered in favor of NFTZH and against International TRC in the amount of $494,012.04.

/ / /

/ / /

/ / /

/ / /

**STATEMENT OF UNCONTROVERTED FACTS/CONCLUSIONS OF LAW**

1    Dated: May 1, 2008                    COREY & COREY

2

3                                          By:      Edward E. Corey
                                           Local Counsel for Ningbo Free
4                                          Trade Zone Harmony Co., Ltd.,
                                           Plaintiff.
5

6    Dated: May 1, 2008                    WELTMAN, WEINBERG & REIS CO,
                                           L.P.A.
7

8                                          By:      Stephen A. Santangelo
9                                          Counsel for Ningbo Free
                                           Trade Zone Harmony Co., Ltd.,
10                                         Plaintiff.

11

12

13

14

15

16   It is so ordered

17

18

19

20                        6.16.08
21
     U.S.D.J.
22

23

24

25

26

27

28

**12**

**STATEMENT OF UNCONTROVERTED FACTS/CONCLUSIONS OF LAW**

**PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I, Edward Corey am employed in the aforesaid County, State of California; I am over the age of 18 years and not a party to the within action; my business address is 3580 Wilshire Boulevard, 17th Floor, Los Angeles, California 90010.

On May 1, 2008, I served the foregoing **PLAINTIFF'S PROPOSED "STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW" PURSUANT TO L.R. 56-1 AS TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT** on the interested parties in this action by placing a true copy thereof, enclosed in a sealed envelope, addressed as follows:

> SAM X.J. WU
> Law Offices of Sam X.J. Wu
> 23555 Golden Springs Drive, Suite I
> Diamond Bar, CA 91765

 x    BY MAIL

   X    I placed such envelope for deposit in the U.S. Mail for service by the United States Postal Service, with postage thereon fully prepaid. IN ADDITION TO ELECTRONIC MAILING THIS DATE.

   ___    As follows:  I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

___    (BY PERSONAL SERVICE)  I caused such envelope to be delivered by hand to the offices of the addressee.  **PROOF OF SERVICE TO BE FILED.**

___    (State) I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

 X     (Federal) I declare under penalty of perjury that the foregoing is true and correct, and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on May 1, 2008, at Los Angeles, California.

_Edward Corey_

**13**

**STATEMENT OF UNCONTROVERTED FACTS/CONCLUSIONS OF LAW**